VICK LAW GROUP, APC
Scott Vick (SBN 171944)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile: (213) 784-6226
E-mail:         Scott@vicklawgroup.com

HILL, KERTSCHER & WHARTON, LLP
Steven G. Hill (Admitted *pro hac vice*)
John L. North (Admitted *pro hac vice*)
Martha L. Decker (Admitted *pro hac vice*)
Vivek Ganti (SBN 275554)
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
E-Mail:     sgh@hkw-law.com
                 jln@hkw-law.com
                 md@hkw-law.com
                 vg@hkw-law.com

*Attorneys for Defendant Impact Products, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRESH PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IMPACT PRODUCTS, LLC, <br><br> Defendants. | Case No. 2:19-cv-05994 GW(AFMx) <br><br> DEFENDANT IMPACT PRODUCT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES <br><br> **DEMAND FOR JURY TRIAL** |

COME NOW, Defendant Impact Product, LLC ("Impact Products"), by and through undersigned counsel, and state the following as Defendant Impact Product, LLC's Answer and Affirmative Defenses to Plaintiff Fresh Product, Inc.'s ("Fresh Products") Complaint, filed in Case No. 2:19-cv-05994 (Doc. 1) (the "Complaint").

## JURISDICTION AND VENUE

1. Impact Products admits that this is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., §§ 271 and 281, but denies infringement. Impact Products admits that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Impact Products admits that venue is proper in this judicial district under 28 U.S.C. § 1400(b), but is subject to transfer to a convenient venue pursuant to 28 U.S.C § 1404(a). Impact Products denies that it has committed acts of infringement in this district. Impact Products admits that one place of business – but not its principal place of business -- is at 7275 Sycamore Canyon Blvd, Riverside, CA 92508. Impact Products denies the remainder of the allegations set forth set forth in Paragraph 2 of the Complaint.

## PARTIES

3. Impact Products lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies the same.

4. Admitted. See also response to Paragraph 2 above.

## THE FRESH PRODUCTS PATENT

5. Impact Products admits that U.S. Patent No. 10,145,098 (the "'098 patent") is titled "Urinal Screens" and states that it issued on December 4, 2018 by the United States Patent and Trademark Office. Impact Products denies the remainder of the allegations set forth set forth in Paragraph 5 of the Complaint.

6. Impact Products admits that the '098 patent lists Douglas S. Brown and Jeffrey A. Smith as inventors. Impact Products denies the remainder of the allegations set forth set forth in Paragraph 6 of the Complaint.

7. Impact Products lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same.

8. The '098 Patent speaks for itself. Impact admits that an embodiment of the alleged invention is depicted in Figure 1 of the patent.  Impact Products denies the remainder of the allegations set forth set forth in Paragraph 8 of the Complaint.

9. The '098 Patent speaks for itself. Impact Products denies any remaining allegations of Paragraph 9 of the Complaint.

10. The '098 Patent speaks for itself. Impact Products lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

**DEFENDANT'S ALLEGEDLY INFRINGING URINAL SCREEN**

11. Impact Products admits that it makes uses, sells and offers to sell urinal screens under the Eclipse™ brand ("Eclipse™ Urinal Screens").  Exhibit 2 of the Complaint is a low quality rendering of a document that appears to resemble content available on the website https://impact-products.com/eclipse.  Impact Products lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12. Denied.

13. Denied

# FIRST CLAIM FOR RELIEF

(Patent Infringement of U.S. Patent No. 10,145,098)

(35 U.S.C. § 271)

14. Impact Products repeats and re-alleges the allegations of paragraphs 1-13 of this Answer as if set forth fully herein.

15. Denied.

16. Denied.

17. The word "frame" is vague and open to interpretation without any context. Impact Products lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies the same.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. The words "the posts", "positioned between the frame and the surface", and "the plurality of openings of the frame" are vague and open to interpretation without any context. Impact Products lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies the same.

27. Denied.

28. Denied.

29. Denied.

30. Impact Products admits it was made aware of the '098 Patent after receiving the letter dated February 28, 2019 alleging infringement. Impact denies the remaining allegations set forth in Paragraph 31 of the Complaint.

31. Denied.

32. Denied.

## ANSWER TO FRESH PRODUCTS' PRAYERS FOR RELIEF

Impact Products denies that Fresh Products is entitled to any of the relief it requests and requests that the Court enter judgment against Fresh Products on each of its claims. To the extent the Prayer for Relief contains any factual allegations, Impact Products denies each of those allegations.

## AFFIRMATIVE DEFENSES

Impact Products asserts the following defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that Impact Products bears the burden of proof as to any matter raised in any of its defenses. Impact Products reserves the right to assert additional defenses and to amend its Answer to the Complaint as additional information becomes known through the course of discovery, including, but not limited to, inequitable conduct, patent misuse, and unclean hands.

### First Affirmative Defense (Non-infringement)

Based on current investigation and upon information and belief, Impact Products denies that it infringes (literally or under the doctrine of equivalents) one or more claims of the '098 Patent.

### Second Affirmative Defense (Invalidity)

One or more of the claims of the '098 Patent are invalid for failing to meet the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or obviousness type double-patenting.

\\\\

\\\\

\\\\

\\\\

### Third Affirmative Defense (35 U.S.C. §287)

Fresh Products' claims for damages predating the filing of this lawsuit are barred by a failure to provide actual or constructive notice as required by 35 U.S.C. § 287.

### Fourth Affirmative Defense (35 U.S.C. §288)

Fresh Products' recovery of costs is barred by 35 U.S.C. § 288.

### PRAYER FOR RELIEF

Defendant Impact Products respectfully prays for the following relief:

A.  An order adjudicating that Impact Products has not infringed the '098 Patent, and that Fresh Products shall take nothing for its complaint;

B.  No award of damages, trebled or otherwise, to Fresh Products;

C.  An order that Impact Products as well as its officers, agents, servants, employees, attorneys, and those persons in active concert of participation with Impact Products are not enjoined, preliminarily or permanently, from making, using, selling, offering to sell, or otherwise importing into the United States the Eclipse™ Urinal Screen products identified in the Complaint;

D.  An order that Impact Products has not willfully infringed and that Fresh Products' case is not exceptional;

E.  No award of prejudgment and postjudgement interest and costs of this action to Fresh Products;

F.  No award to Fresh Products of its attorney's fees incurred in connection with this action;

G.  An order adjudicating that the '098 Patent is invalid and unenforceable;

H.  An award to Impact Products of its attorney's fees and expenses incurred in connection with this defending this action; and

I. Such other and further relief to Impact Products as the Court deems just and proper.

VICK LAW GROUP

DATED: September 4, 2019

By: */s/ Scott Vick*
Scott Vick (SBN 171944)
Scott@vicklawgroup.com

VICK LAW GROUP, APC
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile: (213) 784-6226
E-mail: Scott@vicklawgroup.com

Steven G. Hill (Admitted p*ro hac vice*, Georgia Bar No. 354658)
sgh@hkw-law.com
John L. North (Admitted *pro hac vice*, Georgia Bar No. 545580)
jln@hkw-law.com
Martha L. Decker (Admitted *pro hac vice*, Georgia Bar No. 420867)
md@hkw-law.com
Vivek Ganti (SBN 275554)
vg@hkw-law.com

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
(770) 953-0995

*Attorneys for Defendant Impact Products*

# **DEMAND FOR JURY TRIAL**

Impact Products demands trial by jury on all issues that are triable by jury.

VICK LAW GROUP

DATED: September 4, 2019

By: */s/ Scott Vick*

Scott Vick (SBN 171944)
Scott@vicklawgroup.com

VICK LAW GROUP, APC
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile: (213) 784-6226
E-mail: Scott@vicklawgroup.com

Steven G. Hill (Admitted p*ro hac vice*,
Georgia Bar No. 354658)
sgh@hkw-law.com
John L. North (Admitted *pro hac vice*,
Georgia Bar No. 545580)
jln@hkw-law.com
Martha L. Decker (Admitted *pro hac vice*,
Georgia Bar No. 420867)
md@hkw-law.com
Vivek Ganti (SBN 275554)
vg@hkw-law.com

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
(770) 953-0995

*Attorneys for Defendant Impact Products*